*394 JUDGMENT
MARK BUTTERFIELD, Chief Judge.
INTRODUCTION
The case concerns the action of the General Council to increase per capita distributions to $1,000.00 per month, which the Ho-Chunk Nation Legislature [hereinafter Legislature] has challenged as an impermissible appropriation of funds, a function specifically allocated to the Legislature by the General Council. Briefing has been completed, and the Court dismisses the case for lack of jurisdiction.
PROCEDURAL HISTORY
The petitioner, the Legislature, by and through Legislative Counsel William Boulware, Michelle Greendeer, and Jeff De-Cora, initiated the current action by filing a Complaint for Declaratory Judgment on January 19, 2001. Consequently, the Court issued a Summons accompanied by the above-mentioned Complaint for Declaratory Judgment on January 20, 2001, and delivered the documents to the Ho-Chunk Nation Department of Justice as permitted by Ho-Chunk Nation Rules of Civil Procedure [hereinafter HCN R. Civ. P.j, Rule 27(B). The Summons informed the respondents of the right to file an Answer within twenty (20) days of issuance of the Summons pursuant to HCN R. Civ. P. Rule 5(B). The Summons also cautioned the respondents that a default judgment could result form the failure to file within the prescribed time period. The respondents, by and through Attorney Alysia E. LaCounte, filed a timely Answer on February 12, 2001. The parties filed a Stipulation of Facts on March 28, 2001. On March 30, 2001, the petitioner filed the Petitioner’s Brief with the Court.[1] On March 30, 2001, the respondents filed the Respondents’ Notice of Motion and Motion for Summary Judgment and the Respondents’ Brief in Support of a Motion *395 far Summary Judgment. On April 10, 2001, the petitioner filed the Petitioner’s Brief in Reply to Respondents’ Motion far Summary Judgment.
APPLICABLE LAW
Constitution of the Ho-Chunk Nation
Article III — Organization of the Government
Section 3. Separation of Functions. No branch of the government shall exercise the powers or functions delegated to another branch.
Article IV — General Council
Section 1. Powers of the General Council. The People of the Ho-Chunk Nation hereby grant all inherent sovereign powers to the General Council. All eligible voters of the Ho-Chunk Nation are entitled to participate in General Council.
Section 2. Delegation of Authority. The General Council hereby authorizes the legislative branch to make laws and appropriate funds in accordance with Article V. The General Council hereby authorizes the executive branch to enforce the laws and administer funds in accordance with Article VI. The General Council hereby authorizes the judicial branch to interpret and apply the laws and Constitution of the Nation in accordance with Article VII.
Section 3. Powers Retained by the General Council.
(a) The General Council retains the power to set policy for the Nation.
(b) The General Council retains the power to review and reverse actions of the Legislature except those enumerated in Section 4 of this Article. The General Council shall return such reversals to the Legislature for reconsideration consistent with the action of the General Council. The General Council retains the power to review and reverse decisions of the Judiciary which interpret actions of the Legislature. The General Council does not retain the power to review and reverse decisions of the Judiciary which interpret this Constitution.
(c) The General Council retains the power to propose amendments in accordance with Article XIII, including those which reverse decisions of the Judiciary interpreting this Constitution.
(d) The General Council retains the power to establish its own proce- . dures in accordance with this Constitution.
(e) The General Council retains the power to call a Special Election.
(i) Actions by the General Council shall be binding.
Section 4. Excepted Poivers. The General Council does not retain the power to review actions relating to the hiring or firing of personnel.
Section 5. Annual Meetings. The people shall meet in General Council at least one time each year, which shall be called by the President and at other times as provided in Section 6 of this Article. Notice shall be provided by the President for all Annual Meetings of the General Council.
Article V — Legislature
Section 2. Powers of the Legislature. The Legislature shall have the power:
(d) To authorize expenditures by law and appropriate funds to the various Departments in an annual budget
*396 Article VII — Judiciary
Section 4. Poivers of the Judiciary. The judicial power of the Ho-Chunk Nation shall be vested in the Judiciary. The Judiciary shall have the power to interpret and apply the Constitution and laws of the Ho-Chunk Nation.
Section 5. Jurisdiction of the Judiciary.
(a) The Trial Court shall have original jurisdiction over all cases and controversies, both criminal and civil, in law or in equity, arising under the Constitution, laws, customs and traditions of the Ho-Chunk Nation, including cases in whieh the Ho-Chunk Nation, or its officials and employees, shall be a party. Any such case or controversy arising within the jurisdiction of the Ho-Chunk Nation shall be filed in the Trial Court before it is filed in any other court. This grant of jurisdiction by the General Council shall not be construed to be a waiver of the Nation’s sovereign immunity.
(b) The Supreme Court shall have appellate jurisdiction over any case on appeal from the Trial Court.
Section 6. Powers of the Tribal Court.
(a) The Trial Court shall have the power to make findings of fact and conclusions of law. The Trial Court shall have the power to issue all remedies in law and in equity including injunc-tive and declaratory relief and all writs including attachment and mandamus.
(b) The Trial Court shall have the power to declare the laws of the Ho-Chunk Nation void if such laws are not in agreement with this Constitution. :
Indian Gaming Regulatoky Act, Public Law 100-497, 25 U.S.C. § 2701 et. seq.
25 U.S.C. § 2703. Definitions
(9) The term “net revenues” means gross revenues of an Indian gaming activity less amounts paid out as, or paid for, prizes and total operating expenses, excluding management fees.
25 U.S.C. § 2710. Tribal gaming ordinances
(a)(2)(B) net revenues from any tribal gaming are not to be used for purposes other than—
(i) to fund tribal government operations or programs;
(ii) to provide for the general welfare of the Indian tribe and its members;
(iii) to promote economic development;
(iv) to donate to charitable organizations;
(v) to help fund operations of local government agencies
(b)(3) Net revenues from any class II gaming activities conducted or licensed by any Indian tribe may be used to make per capita payments to members of the Indian tribe only if—
(A) the Indian tribe has prepared a plan to allocate revenues to uses authorized by paragraph (2)(B);
(B) the plan is approved be the Secretary as adequate, particularly with respect to uses described in clause (I) or (iii) of paragraph (2)(B);
(C) the interests of minors and other legally incompetent persons who are entitled to receive any of the per capita payments are disbursed to the parents or legal guardians of such minors or legal incompetents in such amounts as may be necessary for the health, education, or welfare, *397 of the minor or other legally incompetent person under a plan approved by the Secretary and the governing body of the Indian tribe; and
(D) the per capita payments are subject to Federal taxation and tribes notify members of such tax liability when payments are made.
Ho-Chunk Nation Amended and Restated Per Capita Distribution Ordinance
Section 2.01 Definitions
For purposes of this Ordinance:
(c) “Net revenues” means gross revenues of tribal gaming activities less amounts paid out as, or paid for, prizes and total operating expenses including debt service.
General Council Resolution 10-21-00D
WHEREAS, As written in Article IV, Section 2 establishes four branches of Government, one branch being General Council, to whom the People of the Ho-Chunk Nation granted all inherent sovereign powers, as written in Article IV, section 1 of the Constitution; and
WHEREAS, General Council in Article IV, Section 2 of the Constitution, has authorized the Legislative branch to make laws and appropriate funds in accordance with Article V, has authorized the Executive Branch to enforce laws and administer funds in accordance with Article IV, has authorized the Judicial Branch to interpret and apply the laws and Constitution of the Nation in accordance with Article VII, and
WHEREAS, In Article IV, Section 3 of the Constitution, General Council, has retained the powers to in accordance with Article IV, Section 3 to review and reverse actions of the Legislature and decisions of the judiciary, propose amendments in accordance with article XIII, call a Special Election, set policy for the Nation, and has retained the power to establish its own procedures in accordance with the Constitution.
WHEREAS, the Legislature in exercise of its delegated authority granted to it by Article IV, Section 3(6) [sic] has appropriated tribal funds without informing tribal members and without their consent and
WHEREAS, under Article IV, Section 3(f) action of the General Council shall be binding
BE IT RESOLVED, that the General Council’s actions are effective immediately and all other branches of the Ho-Chunk Nation shall implement actions in a timely and efficient manner.
THEREFORE BE IT FURTHER RESOLVED, the General Council by its inherent, sovereign power granted by Article IV, Section 1, of the HCN Constitution and Article IV Section 3(b), hereby authorize distribution of $1,000 per capita distribution per month per enrolled members beginning in 2001.

Ho-Chunk Nation Rules of Civil Procedure

Rule 27. The Nation as a Party.
(B) Civil Actions. When the Nation is filing a civil suit, a writ of mandamus, or the Nation is named as a party, the Complaint should identify the unit of government, enterprise, or name of the official or employee involved. The Complaint, in the case of an official or employee being sued, should indicate whether the official or employee is being sued in his or her individual or official capacity. Service can be made on the Ho-Chunk Nation Department of Jus *398 tice and will be considered proper unless otherwise indicated by these rules, successive rules of the Ho-Chunk Nation Court, or Ho-Chunk Nation Law.
Rule 55. Summary Judgment
Any time after the date an Answer is due or filed, a party may file a Motion for Summary Judgement on any or all of the issues presented in the action. The Court will render summary judgement in favor of the moving party if there is no genuine issue as to material fact and the moving party is entitled to judgement as a matter of law.
Rule 58. Amendment to or Relief from Judgement or Order.
(A) Relief from Judgement. A Motion to Amend or for relief from judgement, including a request for a new trial shall be made within ten (10) calendar days of the filing of judgement. The Motion must be based on an error or irregularity which prevented a party from receiving a fair trial or a substantial legal error which affected the outcome of the action.
(B) Motion for Reconsideration. Upon motion of the Court or by motion of a party made not later than ten (10) calendar days after entry of judgement, the Court may amend its findings or conclusions or make additional findings or conclusions, amending the judgement accordingly. The motion may be made with a motion for a new trial. If the Court amends the judgement, the time for initiating an appeal commences upon entry of the amended judgement. If the Court denies a motion filed under this rule, the time for initiating an appeal commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) days after the entry of judgement, the Court does not decide a motion under this Rule or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgement commences in accordance wuth the Rules of Appellate Procedure.
(C) Erratum Order or Reissuance of Judgement. Clerical errors in a court record, including the Judgement or Order, may be corrected by the Court at any time.
(D) Grounds for relief. The Court may grant relief from judgements or orders on motion of a party made within a reasonable time for the following reasons: (1) newly discovered evidence which could not reasonably have been discovered in time to request a new trial; or (2) fraud, misrepresentation or serious misconduct of another party to the action; or (3) good cause if the requesting party was not personally served in accordance with Rule 5(e)(1)(a) or (b); did not have proper service and did not appear in the action; or (4) the judgement has been satisfied, released, discharged or is without effect due to a judgement earlier in time.
Rule 61. Appeals.
Any fimil Judgement or Order of the Trial Court may be appealed to the Ho-Chunk Nation Supreme Court. The Appeal must comply with the Ho-Chunk Nation Rules of Appellate Procedure, specifically Rules of Appellate Procedure, Rule 7, Right of Appeal. All subsequent actions of a final Judgement or *399 Trial Court Order must follow the HCN Rules of Appellate Procedure.
FINDINGS OF FACT
1. On Saturday, October 21, 2000, the annual General Council was convened. A quorum was reached at approximately 12:32 p.m. with 1,059 registered tribal members.
2. The necessary attendance for quorum was 811 tribal members.
3. Robert Funmaker, Jr. was appointed the presiding chaff of the meeting and Darcy Funmaker-Rave was made the recording secretary.
4. There were no procedural defects or irregularities during the General Council meeting which would in any way call into question the validity of General Council Resolution 10 — 21— 00D.
5. The General Council adopted General Council Resolution 10-21-00D authorizing the per capita distribution of $1,000.00 per month beginning in 2001, by a vote of 832 in favor, 342 opposed, and 35 abstaining.
6. The General Council did not propose any amendments to the Constitution of the Ho-Chunk Nation [hereinafter Constitution] in accordance with Article IV, § 3(c) on October 21, 2000.
DECISION
This is a separation of powers case under the Ho-Chunk Nation Constitution in which the parties ask the Court to determine where the line is drawn between the General Council setting policy, which is permissible, and the General Council explicitly exercising the power of the HCN Legislature, which is not permissible. The fundamental issue between the two parties, which are both subentities of the Ho-Chunk Nation, a federally recognized Indian Tribe, is who between them should decide how the revenues of the Nation should be spent. In the context of this case, the HCN General Council, which met October 21, 2000 passed HCN General Council Resolution 1O-21-0QD which stated that the General Council pursuant to HCN Const. Art. IV § 3(b) “hereby authorize [sic] distribution of $1,000 per cap-ita distribution per month per enrolled members [sic] beginning 2001.” However, the HCN Legislature points out that only it has the explicit power under the HCN Constitution to “authorized expenditures by law and appropriate funds to the various Departments in an annual budget.” Id. Art. V. § 2(d).
However, the General Council, here represented by an outside lawfirm, raises several defenses to this lawsuit initiated by the HCN Legislature: that the HCN Legislature lacks standing to sue, that there is no justiciable case and controversy, that the HCN Legislature has no injury in fact, that the HCN Legislature fails to state a claim upon which relief can be granted and that the HCN General Council has sovereign immunity by acting within the scope of its authority.
I. Sovereign Immunity
This is an issue which if decided in favor of the defendant General Council will end this case and there need be no further inquiry in deciding this case. The crux of any sovereign immunity inquiry in the HCN Court begins by an examination of HCN Const. Aht. XII. In this article the jurisdiction of the HCN Courts is limited to deciding cases where officials and employees of the HCN,
... who act beyond, the scope of their duties or authority shall be subject to suit in equity only for declaratory and *400 non-monetary relief in Tribal Court by persons subject to its jurisdiction for purposes of enforcing rights and duties established by this constitution or other applicable laws.
This forces the Court into making an inquiry as to whether or not the officials act beyond the scope of their authority or duties. Unfortunately, this is not as easy as it seems.
To read this clause in the simplest way would be to say that so long as the presiding officer of the General Council, Robert Funmaker Jr., did nothing other than preside at the meeting of the October 21, 2001 General Council, he and it (the General Council), would be immune from suit and the inquiry should end there. However, this flies in the face of existing Ho-Chunk case law, which holds that an officer of the General Council may be sued if the action the General Council takes is unconstitutional. See Roger Littlegeorge v. Chloris A. Lowe Jr. and Kathyleen Lonetree Whiterabbit as Chairman and Sec’y of the April 27, 1996 General Council, CV 96-21 (HCN Tr. Ct. June 4, 1996), Coalition for Fair Government II v. Chloris A. Lowe Jr. and Kathyleen Lonetree Whiterabbit, CV 96-22 (HCN Tr. Ct. May 20, 1996).
In Littlegeorge a Ho-Chunk Nation tribal member who was displeased with the leadership of Roger Littlegeorge as Chairman of the Ho-Chunk Nation Election Board, proposed by motion at the General Council of April 27, 1996 that Mr. Littleg-eorge be removed as Chairman of the HCN Election Board. It was stipulated that a quorum existed and the majority of the General Council of April 27, 1996 voted in favor of this motion removing Mr. Litt-legeorge from office. Yet it was clear that the action of the General Council were in explicit violation of HCN Const. Aet. IV § 4 Excepted Potoers, which states that the “General Council does not retain the power to review actions relating to the hiring or firing of personnel.”
Mr. Littlegeorge sued to retain his job and the HCN Attorney General stipulated that the General Council’s act was illegal and unconstitutional. Id. Yet Mr. Chloris A. Lowe Jr. did nothing more than preside at the meeting of the April 27, 1996 General Council. Adopting the argument of the present defendant, Robert Funmaker Jr., would result in the Court not being able to address patent illegality by the General Council because the Chair here did nothing more than preside at the October 21, 2000 General Council and so ipso facto, he is cloaked with sovereign immunity and cannot be sued. Though this case might be distinguished on the basis that sovereign immunity wras waived by specific HCN legislative action in HCN Leg. Res. 3-36-96A, this fails to address the Court’s other precedent in Coalition for Fair Government II v. Chloris A. Lowe, Jr. and Kathyleen Lonetree Whiterabbit et. al, CV 96-22 and 26 (HCN Tr. Ct., July 23, 1996) (Order Granting Preliminary Injunction). Indeed, the waiver only allowed Mr. Litt-legeorge to recoup lost wages in addition to the equitable remedy of reinstatement (non-monetary equitable relief) to his job the HCN Courts were already empowered to give pursuant to HCN Const. Art. XII, § 2.
In Coalition for Fair Government II v. Chloris A. Lowe, Jr. and Kathyleen Lonetree Whiterabbit, CV 96-22, which was combined with HCN Legislature v. Chloris A. Lowe Jr. and Kathyleen Lonetree Whiterabbit as Chairman and Secretary of the April 27, 1996 General Council, CV 96-26 (HCN Tr. Ct. July 23, 1996) the Court directly addressed a case such as this where the HCN Legislature sought a preliminary injunction to prevent the removal of three of its members prior to the elec *401 tion of their replacements in a special election based on allegations of lack of notice and a denial of the opportunity to be heard by the General Council by the three affected Legislators who had purportedly been removed. Id. Though it appears that the issue of sovereign immunity was not directly raised, a fair reading of that case is that the HCN Supreme Court was not persuaded that sovereign immunity was a bar to the bringing of the case. See Coalition for Fair Government II v. Chloris A. Lowe Jr. and Kathyleen Lonetree Whiterabbit, SU 96-02 (HCN S.Ct., July 1, 1996). That Order did not dismiss the case but remanded it for a fuller development of the facts.
The argument that sovereign immunity is a complete bar to any lawsuit so long as the Chairperson does nothing untoward is overly simplistic. Sovereign immunity in the Ho-Chunk Nation context is there to protect the public treasury from lawsuits seeking monetary damages. Here the Legislature is not seeking monetary damages but rather the non-monetary declaratory judgment that the General Council may not appropriate funds. What the General Council seeks by its assertion of sovereign immunity is for the Court not to review the actions of the October 21, 2000 General Council even though there is no claim for monetary damages.
This also ignores the clear adoption of Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) by the HCN Courts. See Joelene Smith v. Scott Beard as Director of the HCN Dept. of Education and the Ho-Chunk Nation, CV 96-94, pp 12-13 n. 5 (HCN Tr. Ct., Aug. 10, 2000). Indeed, the wording of HCN Const. Art. XII is precisely parallel to Ex PaHe Young in that it allows suits against officials acting outside the scope of their authority for non-monetary equitable relief. Id. The respondent argues that because the presiding officials, Robert Funmaker and Darcy Funmaker-Rave, acted solely in their capacity as officials and did nothing untoward or outwardly illegal they are entitled to sovereign immunity and this case cannot proceed. The argument is that they merely acted in their official capacity to call for and record votes or take minutes.
However, this is a naive and cramped reading of HCN Const. Art. XII and Ex Parte Young. According to the argument of the General Council it could act beyond the scope of its constitutional limits so long as the officers of the General Council did nothing outwardly illegal. This is not a proper reading of Ho-Chunk precedents, which look to both respect the General Council and yet still give meaning to the other clauses in the HCN Constitution which placed checks and balances on the General Council to prevent it from exercising arbitrary power.
This is similar to Ex Parte Young in which certain railroad companies sued the Attorney General of Minnesota in Federal Court to vindicate their federal rights against contrary State law enforcement. Under influence of a populist Minnesota Legislature which sought to eliminate railroad price gouging during peak harvest periods the Minnesota Legislature had passed very strict laws regulating railroad rates, some of which criminalized rate setting by railroads and placed a high burden upon appeals of enforcement actions. The Minnesota Attorney General, Mr. Young, was sued because he was the state official responsible for enforcing Minnesota State law, which banned price gouging. However, the States are entitled to 11th Amendment immunity in Federal Court as sovereigns. If the State were sued directly they could assert 11th Amendment immunity and the Federal Courts could not hear the case.
*402 Ex Parte Young, is really a case in which the jurists of the U.S. Supreme Court created a legal fiction that a state official acting as a state official can be sued for prospective non-monetary declaratory and equitable relief for acts in contravention of Federal law. Pursuant to the U.S. Constitution’s Supremacy Clause federal law is superior to state law and where the two collide federal law prevails. The reality is that Mr. Young’s act in enforcing Minnesota law were acts he was charged with as a State official. Indeed as a private citizen he had no authority to challenge the rates at all or charge railroad officials with criminal acts. However, those acts still would conflict with federal law and therefore the U.S. Supreme Court created a fiction that when Mr. Young acted in contravention of federal law he was stripped of his official status as the Minnesota Attorney General and was subject to suit as an individual because once he violated Federal law he was “acting outside the scope of his authority.”
In a sense that is the same inquiry the Ho-Chunk Nation Courts make, except that instead of gauging whether an official acts in contravention of federal law, the Court usually examines whether the official acts in contravention of Ho-Chunk law, whether constitutional or statutory. If an official acts in contravention of the HCN Constitution, which is the Supreme law of the Ho-Chunk Nation, HCN Const. Art. Ill, § 4, the official has acted “beyond the scope of his or her authority” and is subject to prospective non-monetary equitable and declaratory relief. HCN Const. Aet. XII, § 2. This is precisely what happened in Roger Littlegeorge v. Chloris A. Lowe Jr. and Kathyleen Lonetree Whiterabbit, CV 96-21 (HCN Tr. Ct, June 4, 1996).
This is also what, occurred in a companion case of Coalition for Fair Government II v. Chloris A. Lowe Jr. and Kathyleen Lonetree Whiterabbit, CV 96-22 (HCN Tr. Ct. May 20, 1996) Order Re: Preliminary Injunction. There the Court stated clearly that the General Council was bound by the Bill of Rights contained in HCN Const. Art. X § 1(a). Id. at 13. There the Court first enjoined a special election called to fill the positions of three Legislators supposedly removed by the General Council, id, and then held after trial that the removals were in violation of basic due process provisions in the HCN Constitution regarding notice and an opportunity to be heard. See also, Coalition, for Fair Government II v. Chloris A. Lowe Jr. and Kathyleen Lonetree Whiterabbit and Ho-Chunk Nation Legislature v. Chloris A Lowe Jr. and Kathyleen Lonetree Whiterabbit as Chairperson and Sec’y of the April 27, 1996 General Council, Ho-Chunk Nation Special General Council, The Ho-Chunk Nation General Council Planning Committee and the Ho-Chunk Nation Election Board, CV 96-22 & 26, 1 Am. Tribal Law 145, 1997 WL 84676286 (HCN Tr. Ct. Jan 3, 1997) (Judgment).
Other cases where the Courts have dismissed challenges to General Council actions on sovereign immunity grounds have been due to the failure of the plaintiffs to even allege that the officials presiding acted “beyond the scope of their authority.” Indeed, the presiding officials were not even named. See Chloris A Lowe Jr. v. Ho-Chunk Nation, HCN Legislature and HCN General Council, CV 97-12 (HCN Tr. Ct., Mar. 12 1997) aff'd SU 97-00 (HCN S.Ct. June 13 1997). Naming a government official or agency, which must administer or enact the alleged unconstitutional or statutory provision is critical in a ease in order to satisfy the HCN Const. Art. XII, § 2’s requirement that someone be sued only for acting outside the scope of their authority. Either the actor must have themselves acted unconstitutionally *403 or be required to implement an allegedly unconstitutional act. See Brief of Respondents at 30 n. 5 citing Ex Parte Young. In CV 96-26 that was clearly the HCN Election Board which was called on to implement the actions of the General Council of April 27, 1996. The injunction and subsequent declaratory judgment were proper because a proper party was the named defendant and was required to act in a manner which would have ratified the unconstitutional acts of the April 27, 1996 General Council.
Therefore, the Court holds that sovereign immunity under HCN Const. Art. XII is not a bar to bringing this action. However, the Court upholds the principle that the General Council cannot be sued directly. See Miller v. HCN Legislature, CV 99-18 (HCN Tr. Ct., March 25, 1999), Chloris A. Lowe Jr. v. Ho-Chunk Nation, Ho-Chunk Nation General Council and Ho-Chunk Nation Legislature, CV 97-12 (HCN Tr. Ct., March 12, 1997) aff'd, SU 97-01 (HCN S.Ct. June 13, 1997). The Court therefore dismisses the General Council as a party possessing sovereign immunity and incapable of being sued without authorization from either the HCN Legislature or the General Council itself. Mr. Funmaker and Ms. Rave continue to be defendants.
II. IS THERE A CASE AND CONTROVERSY CAPABLE OF BEING RESOLVED?
The defendants have pled that there is no real ease and controversy in this case because nothing has really happened. Indeed, they point out that no money has been appropriated for the enforcement of the General Council initiative to raise per capita. It is with this contention that the Court agrees. There does not appear to be a case.or controversy, as that is understood in legal matters. Put another way, the case is not ripe.
In order for the case to be ripe, there has to be something that the Court can do to resolve the case. In this case the Legislature has not taken action. It has neither appropriated money to enforce the General Council resolution nor has it said that it definitively will not appropriate the money. It has instead passed the buck to the Judiciary to determine the legality of the General Council’s actions in the abstract. However, an examination of Ex Parte Young requires more than that.
A closer reading of Ex Parte Young states that the Court cannot control the. exercise of discretion of an “officer having some duty to perform not involving discretion, but merely ministerial in its nature, refuses or neglects to takes such action.” Id. 209 U.S. 123, 159, 28 S.Ct. 441, 52 L.Ed. 714 (1908) citing Board of Liquidation v. McComb, 92 U.S. 531, 541, 23 L.Ed. 623 (1875). The Court must have a defendant in an Ex Parte Young situation it can prevent by injunction, or otherwise, from doing that which he has no right to do because it is unconstitutional or illegal.
The Court does not have such an individual in this case. The acts of Robert Funmaker and Darcy FunmakerRave as officials of the General Council of October 21, 2000 have been completed. They have no more official acts to do. By the completion of the General Council minutes and the transmission of those minutes to the HCN Legislature they have completed their actions as officers of the General Council. The Court can achieve nothing to redress the alleged wrongs through either official. Therefore there is also a lack of redressability of the plaintiffs alleged harms.
*404 This means that the Court does not have jurisdiction in this case because there is no legal “case or controversy.” This does not mean that the Courts cannot ultimately decide whether the actions of the General Council are constitutional or not. It just cannot do so with these defendants or under the procedural posture of the case before it. The Courts might be able to address the issue in other instances such as if the Legislature was sued for failing to enact the resolution of the General Council by some disgruntled member of that body or the HCN Legislature could enact the resolution of the General Council and be sued by a disgruntled member of the Ho-Chunk Nation adversely affected by that decision. E.g. Emily Blackdeer et al. v. Wade Blackdeer et. al., Case No. CV 00-113 (HCN Tr. Court Complaint filed Dec. 19, 2000). Either case would more properly test the issue in a real case and controversy rather than the theoretical request to determine whether the act of the General Council of October 21, 2000 is constitutional as now presented.
CONCLUSION
The issues in this case are not easy and represent areas of strong disagreement by many members within the Ho-Chunk Nation. However, the Court cannot simply act because parties want to short cut important steps for the resolution of conflicts or wish to distance themselves from difficult political positions required of them as public officials. For the above reasons the Court concludes that the General Council must be dismissed as a party as possessing sovereign immunity. The Court further concludes that the case is not ripe for resolution. Lastly, the Court finds that the parties sued have no duty that the Court can affect by a ruling and therefore the Court has no ability to order any relief to the plaintiff through those parties. There is no party defendant over whom the Court has personal and subject matter jurisdiction that has a ministerial duty to enforce the action of the General Council to raise per capita. This case must be and hereby is dismissed for lack of jurisdiction.
“Any final Judgement or Order of the Trial Court may be appealed to the Ho-Chunk Nation Supreme Court. The Appeal must comply with the Ho-Chunk Nation Rules of Appellate Procedure [hereinafter HCN R.App. P.J, specifically [HCN R.App. P.], Rule 7, Right of Appeal.” HCN R. Civ. P. 61. The appellant “shall within thirty (30) calendar days after the day such judgment or order was rendered, file with the [Supreme Court] Clerk of Court, a Notice of Appeal from such judgment or order, together with a filing fee of thirty-five dollars ($35 U.S.).” HCN R.App. P. 7(b)(1). “All subsequent actions of a final Judgement or Trial Court Order must follow the [HCN R.App. P.].” HCN R. Civ. P. 61.

. The Court was given the impression during the March 15, 200! Scheduling Conference that the petitioner and respondents each intended to file a Motion for Summary Judgment.