*324 ORDER (Granting Defendant’s Motion to Dismiss)
TODD R. MATHA, Associate Judge.
INTRODUCTION
The Court must determine whether to grant or deny the defendant’s Motion to Dismiss. The defendant requests that the Court allow the parties to proceed to arbitration as agreed upon through the mutual acceptance of certain contractual provisions. The Court concurs with the defendant’s position, and requires the plaintiff to abide by its valid agreement.
PROCEDURAL HISTORY
The plaintiff, Ho-Chunk Nation Housing Authority, by and through Ho-Chunk Nation Department of Justice [hereinafter DOJ] Attorneys John S. Swimmer and Michael P. Murphy, initiated the current action by filing a Complaint with the Court on July 2, 2001. Consequently, the Court issued a Summons accompanied by the above-mentioned Complaint and attachments on July 2, 2001, and delivered the documents by certified mail to the defendant, Continental Flooring Company, at 5111 North Scottsdale Road, Suite 208, Scottsdale, AZ 85250-2(503. One Jennifer Newell signed for the certified mailing on July 5, 2001 as indicated on the Domestic Return Receipt. The Summons informed the defendant of the right to file an Answer within twenty (20) days of the issuance of the Summons pursuant to the Ho-Chunk Nation Rules of Civil Procedure [hereinafter HCN R. Civ. P.], Rule 5(B). The Summons also cautioned the defendant that a default judgment could result from failure to file within the prescribed time period.
The defendant, by and through Attorney Tracey L. Schwalbe, timely filed the Answer by Special Appearance [hereinafter Answer ] on July 25, 2001, serving such documents on the plaintiff via certified mail. The Court convened a Scheduling Conference on August 21, 2001 at 9:00 A.M. CST. Prior to the Conference, the defendant sought to appear by telephone at all Scheduling and Status Conferences. The Court granted the defendant’s August 3, 2001 Motion in its August 6, 2001 Order (Granting Motion to Appear by Telephone). The following parties appeared at the Scheduling Conference: DOJ Attorney Michael P. Murphy, plaintiffs counsel, and Attorney Tracey L. Schwalbe, defendant’s counsel (by telephone).
At the Conference, the parties agreed to resolve an outstanding jurisdictional issue through motion practice prior to scheduling the matter. Scheduling Conference (Log of Proceedings Electronically Recorded at 1, Aug. 21, 2001, 09:22:04 CST). Therefore, the defendant filed its Motion to Dismiss, Made by Special Appearance and accompanying Brief in Support of Motion to Dismiss on September 20, 2001. The plaintiff submitted its Brief in Opposition to Defendant’s Motion to Dismiss [hereinafter Plaintiffs Brief] on the response deadline of October 8, 2001 as stipulated by the parties. See Plaintiffs correspondence, Oct. 1, 2001.
*325 On October 9, 2001, the Court issued Notice (s) of Hearing, informing the parties of the date, time and location of the Rescheduled Motion Hearing. The Court convened the Hearing on November 7, 2001 at 1:30 P.M. CST. The following parties appeared at the Motion Hearing: DOJ Attorney Michael P. Murphy and Attorney Tracey L. Schwalbe. The Court announced its holding from the bench, and this Order memorializes that determination.
APPLICABLE LAW
CONSTITUTION OF THE HO-CHUNK NATION
Article V—Legislature
Section 2. Poivers of the Legislature. The Legislature shall have the power:
(a) To make laws, including codes, ordinances, resolutions, and statutes;
(i) To negotiate and enter into treaties, compacts, contracts, and agreements with other governments, organizations, or individuals;
Article VI—Executive
Section 2. Powers of the President. The President shall have the power:
(a) To execute and administer the laws of the Ho-Chunk Nation;
(k) To represent the Ho-Chunk Nation on all matters that concern its interests and welfare;
(l ) To execute, administer, and enforce the laws of the Ho-Chunk Nation necessary to exercise all powers delegated by the General Council and the Legislature, including but not limited to the foregoing list of powers.
Article VII—Judiciary
Section A. Powers of the Judiciary. The judicial power of the Ho-Chunk Nation shall be vested in the Judiciary. The Judiciary shall have the power to interpret and apply the Constitution and laws of the Ho-Chunk Nation.
Section 5. Jurisdiction of the Judiciary.
(a) The Trial Court shall have original jurisdiction over all cases and controversies, both criminal and civil, in law or in equity, arising under the Constitution, laws, customs and traditions of the Ho-Chunk Nation, including cases in which the Ho-Chunk Nation, or its officials and employees, shall be a party. Any such case or controversy arising within the jurisdiction of the Ho-Chunk Nation shall be filed in the Trial Court before it is filed in any other court. This grant of jurisdiction by the General Council shall not be construed to be a waiver of the Nation’s sovereign immunity.
AGREEMENT FOR SERVICES: ÑA-UAS DA YEAR ONE MODERNIZATION, N914
Cl. 9. Contract Documents, [p. 3]
The Contract shall consist of the following component parts:
b. General Conditions HIM) 5370
GENERAL CONDITIONS OF THE CONTRACT FOR CONSTRUCTION
Cl. 1. Definitions, [pp. 1-2]
(c) “Contracting Officer” means the person delegated the authority by the PHA/ IHA to enter into, administer, and/or terminate this contract and designated as such in writing to the Contractor. The term includes any successor Contracting Officer and any duly authorized representative of the Contracting Officer also designated in writing. The Contracting Officer shall be deemed the authorized agent of the PHA/IHA in all dealings with the Contractor.
*326 (d)“Contractor” means the person or other entity entering into the contract with the PHA/IHA to perform all of the work required under the contract.
(h) “PHA/IHA" means the Public Housing Agency or Indian Housing Authority organized under applicable state or tribal law which is a party to this contract.
Cl. 2. Contractor's Responsibility for Work fp. 2]
(h) The Contractor’s responsibility will terminate when all work has been completed, the final inspection made, and the work accepted by the Contracting Officer. The Contractor will then be released from further obligation except as required by the warranties specified elsewhere in the contract.
Cl. 31. Disputes, fp. -10]
(a) “Claim” as used in this clause, means a written demand or written.- assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract. A claim arising under the contract, unlike a claim relating to the contract, is a claim that can be resolved under a contract clause that provides for the relief sought by the claimant. A voucher, invoice, or other routine request for payment that is not in dispute when submitted is not a claim. The submission may be converted to a claim by complying with the requirements of this clause, if it is disputed either as to liability or amount or is not acted upon in a reasonable time.
(b) Except for disputes arising under the clauses entitled Labor Standards and Labor Standards—Nonroutine. Maintenance; herein, all disputes arising under or relating to this contract, including any claims for damages for the alleged breach thereof which are not disposed of by agreement, shall be resolved under this clause.
(e)All claims by the Contractor shall be made in writing and submitted to the Contracting Officer for a written decision. A claim by the PHA/IHA against the Contractor shall be subject to a written decision by the Contracting Officer.
(d) The Contracting Officer, shall, within _ (60 unless otherwise indicated) days after receipt of the request, decide the claim or notify the Contractor of the date by which the decision will be made.
(e) The Contracting Officer’s decision shall be final unless the Contractor (1) appeals in writing to a higher level in the PHA/IHA in accordance with the PHA’s/ IHA’s policy and procedures, (2) refers the appeal to an independent mediator or arbitrator, or (3) files suit in a court of competent jurisdiction. Such appeal must be made within (30 unless otherwise indicated) days after receipt of the Contracting Officer’s decision.
(f) The Contractor shall proceed diligently with performance of this contract, pending final resolution of any request for relief, claim, appeal, or action arising under or relating to the contract, and comply with any decision of the Contracting Officer.
HO-CHUNK NATION RULES OF CIVIL PROCEDURE
Rule 5. Notice of Service of Process.
(B) Summons. The Summons is the official notice to the party informing him/her that he/she is identified as a party to an action or is being sued, that an Answer is due in twenty (20) calendar days (See, HCN R. Civ. P. 6) and that a Default Judgement may be entered against them if they do not file an Answer in the limited time. It shall also include the name and location of the Court, the case number, and the names of the parties. The Summons *327 shall be issued by the Clerk of Court and shall be served with a copy of the filed complaint attached.
Rule 58. Amendment to or Relief from Judgement or Order.
(A) Relief from Judgement, A Motion to Amend or for relief from judgement, including a request for a new trial shall be made within ten (10) calendar days of the filing of judgement, The Motion must be based on an error or irregularity which prevented a party from receiving a fair trial or a substantial legal error which affected the outcome of the action.
(B) Motion for Reconsideration. Upon motion of the Court or by motion of a party made not later than ten (10) calendar days after entry of judgement, the Court may amend its findings or conclusions or make additional findings or conclusions, amending the judgement accordingly. The motion may be made with a motion for a new trial. If the Court amends the judgement, the time for initiating an appeal commences upon entry of the amended judgement. If the Court denies a motion filed under this rule, the time for initiating an appeal from the judgement commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) days after the entry of judgement, the Court does not decide a motion under this Rule or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgement commences in accordance with the Rules of Appellate Procedure.
(C) Erratum Order or Reissuance of Judgement. Clerical errors m a court record, including the Judgement or Order, may be corrected by the Court at any time.
(D)Grounds for Relief. The Court may grant relief from judgements or orders on motion of a party made within a reasonable time for the following reasons: (1) newly discovered evidence which could not reasonably have been discovered in time to request a new trial; or (2) fraud, misrepresentation or serious misconduct of another party to the action; or (3) good cause if the requesting party was not personally served in accordance with Rule 5(c)(1)(a) or (b); did not have proper service and did not appear in the action; or (4) the judgement has been satisfied, released, discharged or is without effect due to a judgement earlier in time.
Rule 61. Appeals.
Any final Judgement or Order of the Trial Court may be appealed to the Ho-Chunk Nation Supreme Court. The Appeal must comply with the Ho-Chunk Nation Rules of Appellate Procedure, specifically Rules of Appellate Procedure, Rule 7, Right of Appeal All subsequent actions of & final Judgement or Trial Court Order must follow the HCN Rules of Appellate Procedure.
FINDINGS OF FACT
x. The parties received proper notice of the November 7, 2001 Motion Hearing.
2. The plaintiff, Ho-Chunk Nation Housing Authority, is a subentity of the Ho-Chunk Nation Executive Department, a federally recognized Indian tribe, with its principal headquaxfers located on trust land within Black River Falls, WI.
3. The defendant, Continental Flooring Company, is a foreign corporation authorized to conduct business.in the State of Wisconsin with its principal offices located in Scottsdale, AZ.
4. On July 13, 1999, the parties: entered into the Agreement for Sendees: NAHAS-DA Year One Modernization, N914 [here *328 inafter Agreement ], expressly incorporating the General Conditions of the Contract for Construction: Public and Indian Housing Programs [hereinafter General Conditions]. See Complaint, Ex. 1.
5. Under the General Conditions, Executive Director of Housing, Myra Jo Price, served as the Contracting Officer.
6. Prior to a completion of the contract services, the plaintiff terminated the contract on June 30, 2000. Consequently, the defendant appealed the decision to terminate the contract to the Housing Board of Commissioners.
7. On August 3, 2000, the defendant directed a letter to the plaintiff requesting arbitration of the contract termination. See Answer, Ex. B. Legal counsel for the parties entered an extended period of discussion following the arbitration request, culminating, in part, in the filing of the instant action.
DECISION
The Constitution of the Ho-Chunk Nation [hereinafter Constitution] establishes the scope of the Court’s subject matter jurisdiction, limiting judicial review to “cases and controversies ... arising under the Constitution, laws, customs and traditions of the Ho-Chunk Nation....” Constitution, Art. VII, § 5(a); see also Ho-Chunk Nation v. Harry Steindorf et al., CV 99-82 (HCN Tr. Ct., Feb. 11, 2000) aff'd SU 00-04 (HCN S.Ct., Sept. 29, 2000). Therefore, when the Court confronts a contractual dispute, it must be capable of identifying a fount of law from which the cause of action flows. In this regard, the Court has previously indicated that the Ho-Chunk Nation Legislature may create law in conjunction with and as a consequence of its constitutional authority to: enter into a contract or agreement. Ho-Chunk, Nation v. B & K Builders, Inc. et al., CV 00-91, 2001 WL 30153791, 3 Am. Tribal Law ■ 381, 388-89 (HCN Tr. Ct., June 20, 2001) at 10-11; see also Constitution, Art. V, § 2(a), (i). The Legislature may also delegate this power to the Executive Department which clearly possesses the authority to administer the law in such contexts. Constitution, Art. VI, § 2(a), (k),(().
The Court must only validate the delegations in order to examine the law embodied within the terms of the contractual agreement. Unlike a prior case, the defendant has not alleged a defect in the delegation of signature authority. B & K Builders, Inc. at 12-15, at 389-91. The Court consequently focuses its examination upon the contract documents, specifically the General Conditions. The Court exercises subject matter jurisdiction by virtue of the valid contract, but an interpretation of the terms reveals that the cause of action is not ripe. The Court, therefore, lacks a justiciable case or controversy. See Constitution, Art. VII, §§ 4, 5(a); see also Ho-Chunk Nation Legislature v. Ho-Chunk Nation Gen. Council, CV 01-11, 2001 WL 36153849, 3 Am. Tribal Law 393, 403-04 (HCN Tr. Ct., June 22, 2001).
The General Conditions require that “all disputes arising under or relating to th[e] contract ... shall be resolved under [Clause 31].” General Conditions, Cl. 31(b). Every decision rendered by the Contracting Officer, Myra Jo Price, “shall be final unless the Contractor ...” pursues some form of appellate relief, including arbitration. Id., Cl. 31(e). The General Conditions do not establish a similar procedure by which the plaintiff could appeal the decision of the Contracting Officer since this would prove nonsensical. The Contracting Officer merely exercises the authority delegated from the plaintiff. Id,, Cl. 1(c).
*329 In the instant case, the defendant disputes the decision of the Contracting Officer, and has requested arbitration. The plaintiff, however, wishes to bypass arbitration in favor of litigating the dispute in this Court. The General Conditions simply do not permit this course of action. If the defendant does not dispute the Contracting Officer’s decision, then presumably the defendant must comply with the decision. In an event of non-compliance, the plaintiff could seemingly institute an injunctive action to seek compliance, but this hypothetical circumstance does not exist.
Moreover, the plaintiff recognizes the validity of the above interpretation, stating:
There are grounds for reading the Dispute provision, Sec. 31(e), to mean that the Contractor (not the Authority or Contracting Officer) is required to appeal by means of arbitration. Literally read, the provision states that the Contracting Officer’s decision (Myra Jo Price’s decision) would be final unless appealed by the Contractor. Not only are the dispute resolution procedures that follow ambiguous, but they may be read to bind only the “Contractor.”
Plaintiffs Brief at 6 (emphasis in original). The plaintiff identified the General Conditions for incorporation into the Agreement, and could have modified the relevant language if deemed ambiguous. The plaintiff cannot seek to supplant the mutually binding expressions contained within Clause 31 by subsequent recourse to broad, traditional contract concepts. See B & K Builders, Inc. at 16-47, at 391-92.
In granting the defendant’s Motion to Dismiss, the Court is only requiring the plaintiff to abide by the Agreement which it presented to the defendant. The Court expresses no opinion on the extent to which the plaintiff retains its sovereign immunity from suit. But see id, at 13-14. The parties first need to submit the dispute to arbitration before reaching that more difficult issue.
The parties retain the right to file a timely post judgment motion with this Court in accordance with HCN R. Civ. P. 58, Amendment to or Relief from Judgement or Order. Otherwise, “[a]ny final Judgement or Order of the Trial Court may be appealed to the Ho-Chunk Nation Supreme Court.[1] The Appeal must comply with the Ho-Chunk Nation Rules of Appellate Procedure [hereinafter HCN R.App. P. j, specifically [IK’N R.App. Rule 7, Right, of Appeal.’' HCN R. Cir. P. 61. The appellant “shall within thirty (30) calendar days after the day such judgment or order was rendered, file with the LSu- *330 preme Court] Clerk of Court, a Notice of Appeal from such judgment or order, together with a filing fee of thirty-five dollars ($35 U.S.).” HCN RApp. P. 7(b)(1). “All subsequent actions of a final Judgement or Trial Court Order must follow the [IICS RApp. HCN R Civ. /’. (51.
IT IS SO ORDERED this 19th day of February, 2002 by the Ho-Chunk Nation Trial Court located in Black River Falls, WI within the sovereign lands.of the Ho-Chunk Nation.

. The Supreme Court earlier emphasized that it “is not bound by the federal or state laws as to standards of review.” Louella A. Kelty v. Jonette Peltibone and Ann Winneshiek, in their official capacities, SU 99-02 (HCN S.Ct., Sept. 24, 1999) at 2. The Supreme Court, therefore, has voluntarily adopted an abuse of discretion standard "to determine if an error of law was made by the lower court.” Daniel Youngthunder, Sr. v. Jonette Peltibone, Ann Winneshiek, Oria Garvin, Rainbow Casino Mgmt., SU 00-05 (HCN S.Ct., July 28, 2000) at 2; see also Coalition for a Fair Gov't II v. Chloris A. Lowe, Jr. and Kathyleen Lone Tree-Whiterabbit, SU 96-02 (HCN S.Ct., July 1, 1996) at 7-8; and JoAnn Jones v. Ho-Chunk Nation Election Bd. and Chloris Lowe, CV 95-05 (HCN S. Ct., Aug. 15, 1995) at 3. The Supreme Court accepted the following definition of abuse of discretion: "any unreasonable, unconscionable and arbitrary action taken without proper consideration of facts and law pertaining to the matter submitted." Youngthunder, Sr., SU 00-05 at 2 quoting Black's Law Dictionary 11 (6th ed. 1990), Regarding findings of fact, the Supreme Court has required an appellant to "demonstrate! ] clear error with respect to the factual findings of the trial court.” Coalition II, SU 96-02 at 8; but see Anna Rae Funmaker v. Kathryn Doornbos, SU 96-12 (HCN S.Ct., Mar. 25, 1997) at 1-2.