*209 ORDER (Granting Motion to Dismiss Defendant Legislature and Election Board)
TINA F. GOUTY-YELLOW, Associate Judge.
INTRODUCTION
On October 23, 2004, the Ho-Chunk Nation General Council enacted General Council Resolution 25 providing for the removal of the plaintiff from his office as a member of the Ho-Chunk Nation Legislature.[1] On November 18, 2004, the Court issued its Preliminary Injunction. On January 21, 2005, the Legislature and Election Board defendants filed their Motion to Dismiss. The Court grants the Motion to Dismiss as filed against defendant Legislature and the Election Board.
PROCEDURAL HISTORY
On January 6, 2005, the Court conveyed a Scheduling Conference at which time all of the parties’ counsel were present. The Court convened a Motion Hearing on February 2, 2005 at 1:30 P.M. CST. The following parties appeared at the Motion Hearing: Dallas White Wing, the plaintiff, Glenn Reynolds, his attorney appears tele-phonically, Michael Mullen, attorney for defendant HCN General Council appears telephonically and Michael Murphy, attorney for defendant Legislature and Election Board. Due to a problem with receipt of said Motion to Dismiss by the plaintiff, argument was not made and the parties agreed to a schedule for response and further that said matter would be determined from the record.
APPLICABLE LAW
CONSTITUTION OF THE HO-CHUNK NATION
ARTICLE III—ORGANIZATION OF THE GOVERNMENT
Section 1. Sovereignty. The Ho-Chunk Nation possesses inherent sovereign powers by virtue of self-government and democracy.
Section 2. Branches of Government The government of the Ho-Chunk Nation shall be composed of four (4) branches: General Council, Legislature, Executive, and Judiciary.
Section 3. Separation of Functions. No branch of the government shall exercise the powers and functions delegated to another branch.
Section 4. Supremacy Clause. This Constitution shall be the supreme law over all territory and persons within the jurisdiction of the Ho-Chunk Nation.
ARTICLE IV—GENERAL COUNCIL
Section L Powers of the General Council. The People of the Ho-Chunk Nation hereby grant all inherent sovereign powers to the General Council. All eligible voters of the Ho-Chunk Nation are entitled to participate in General Council.
Section 2. Delegation of Authority. The General Council hereby authorizes the leg- *210 islatiye branch to make laws and appropriate funds in accordance with Article VI. The General Council hereby authorizes the judicial branch to interpret and apply the laws and Constitution of the Nation in accordance with Article VII.
Section 3. Powers Retained by: the General Council.
a. The General .Council retains the power to set policy for the Nation.
b. The General Council retains the power to review and reverse actions of the Legislature except those enumerated in Section 4 of this Article. The General Council shall return such reversals to the Legislature for reconsideration consistent with the action of the General Council. The General Council retains the power to review and reverse decisions of the Judiciary which interpret actions of the Legislature. The General Council does not retain the power to review and reverse decisions of the Judiciary which interpret this Constitution.
c. The General Council retains the power to propose amendments in accordance with Article XIII, including those which reverse decisions of the Judiciary interpreting this Constitution.
d. The General Council retains the power to establish its own procedures in accordance with this Constitution.
e. The General Council retains the power to call a Special Election.
f. Actions by the General Council shall be binding.
Section 4. Excepted Powers. The General Council does not retain the power to review actions relating to the hiring or firing of personnel.
Section 5. Annual Meetings. The People shall meet in General Council at least one time each year, which shall be called by the President, and at other times as provided in Section 6 of this Article. Notice shall be provided by the President for all Annual Meetings of the General Council.
Section 6. Special Meetings. Special Meetings of the General Council shall be called by the President upon petition by twenty (20) percent of the eligible voters, or upon written request of a majority of the Legislature, or when deemed necessary by the President. Notice shall be provided by the President for all Special Meetings of the General Council.
Section 7. Procedures. Twenty (20) percent of the eligible voters of the Nation present in General Council shall constitute a quorum. Each action of the General Council shall require the presence of a quorum. The President shall call all Annual and Special General Council Meetings, except those meetings called pursuant to Article IX, Section 2. When a quorum is attained, the General Council shall elect either the President or another person to conduct the meeting. A secretary shall be appointed to record the minutes of all General Council meetings, including any votes taken. The secretary shall transmit the minutes of General Council meetings to the Legislature.
ARTICLE VII—JUDICIARY
Section 5. Jurisdiction of the Judiciary.
a. The Trial Court shall have original jurisdiction over all cases and controversies, both criminal and civil, in law or in equity, arising under the Constitution, laws, customs and traditions of the Ho-Chunk Nation, including cases in which the Ho-Chunk Nation, or its officials and employees, shall be a party. Any such case or controversy arising *211 within the jurisdiction of the Ho-Chunk Nation shall be filed in Trial Court before it is filed in any other court. This grant of jurisdiction by the General Council shall not be construed to be a waiver of the Nation’s sovereign immunity.
Section 6. Powers of the Tribal Court.
a. The Trial Court shall have the power to make findings of fact and conclusions of law. The Trial Court shall have the power to issue all remedies in law and in equity including injunctive and declaratory relief and all writs including attachment and mandamus.
b. The Trial Court shall have the power to declare the laws of the Ho-Chunk Nation void if such laws are not in agreement with this Constitution.
ARTICLE VIII—ELECTIONS
Section 2. Special Elections. Special Elections shall be held when called for by the General Council, the Legislature, or by this Constitution or appropriate ordinances. In all Special Elections, notice shall be provided to the voters.
ARTICLE IX—REMOVAL, RECALL AND VACANCIES
Section 1. General Council Removal of Legislators. The General Council may remove any member of the Legislature for malfeasance. No vote by the General Council to remove a member of the Legislature shall take place before such Legislator has been given reasonable notice of the impending action and has had a reasonable opportunity to be heard.
ARTICLE X—HILL OF RIGHTS
Section 1. Bill of Rights.
(a) The Ho-Chunk Nation, in exercising its powers of self-government, shall not:
(1) make or enforce any law prohibiting the free exercise of religion, or abridging the freedom of speech, or of the press, or the right of the people peaceably to assemble and to petition for a redress of grievances;
(8) deny to any person within its jurisdiction the equal protection of its laws or deprive any person of liberty or property without the due process of law;
(9) pass any bill of attainder or ex post facto law;
ARTICLE XII—SOVEREIGN IMMUNITY
Section 1. Immunity of Nation from Suit. The Ho-Chunk Nation shall be immune from suit except to the extent that the Legislature expressly waives its sovereign immunity, and officials and employees of the Ho-Chunk Nation acting within the scope of their duties or authority shall be immune from suit.
Section 2. Suit Against Officials and Employees. Officials and employees of the Ho-Chunk Nation who act beyond the scope of their duties or authority shall be subject to suit in equity only for declaratory and non-monetary injunctive relief in Tribal Court by persons subject to its jurisdiction for purposes of enforcing lights and duties established by this constitution or other applicable laws.
HO-CHUNK NATION RULES OF C1V-IL PROCEDI IRE
Rule 18. Types of Motions.
Motions are requests directed to the Court and must be in writing except for those made at trial. Motions based on factual matters shall be supported by affi *212 davits, references to other documents, testimony, exhibits or other material already in the Court record. Motions based on legal matters shall contain or be supported by a legal memorandum, which states the issues and legal basis relied on by the moving party. The Motions referenced within these rules shall not be considered exhaustive of the Motions available to litigants.
Rule 19. Filing and Responding to Motions.
(A) Filing. Motions may be filed by a party with any pleading or at any time after their first pleading has been filed. A copy of all written Motions shall be delivered or mailed to other parties at least five (5) calendar days before the time specified for a hearing on the Motion. Motions for Extension of Time and More Definite Statement may be filed before the initial pleading.
(B) Responses. A Response to a written Motion must be filed at least one (1) day before the hearing. If no hearing is scheduled, the Response must be filed with the Court and served on the other parties within ten (10) calendar days of the date the Motion was filed. The party filing the Motion must file any Reply within three (3) calendar days.
(C) Motions for Expedited Consideration. Any Motion which requires action within five (5) calendar days shall be accompanied by a Motion for Expedited Consideration. The Motion for Expedited Consideration shall state the reasons why the Accompanying Motion should be heard prior to the normal time period, and. what efforts the party has made to resolve the issue with the opposing party prior to filing the Motion for Expedited Consideration.
Rule 20. Hearings on Motions.
The Court may grant a hearing on a Motion at its own discretion or at the request of a party. A party requesting a hearing must (a) schedule the hearing with the Court and (b) deliver or mail notice of the hearing to other parties at least five (5) calendar days prior to the hearing. If the trial is scheduled to begin within the time allowed for a hearing, all responses shall be made by the time scheduled for commencement of the trial. Motions made within fourteen (14) calendar days of trial may be dismissed and costs and fees assessed against the moving party if the Court finds no good cause exists for failing to file the Motion more than fourteen (14) calendar days in advance of the trial.
Rule 27. The Nation as a Party.
(B) Civil Actions. When the Nation is filing a civil suit, a writ of mandamus, or the Nation is named as a party, the Complaint should identify the unit of government, enterprise or name of the official or employee involved. The Complaint, in the case of an official or employee being sued, should indicate whether the official or employee is being sued in his or her individual or official capacity. Service can be made on the Ho-Chunk Nation Department of Justice and will be considered proper unless otherwise indicated by these rules, successive rules of the Ho-Chunk Nation Court, or Ho-Chunk Nation Law.
Rule 58. Amendment to or Relief from Judgment or Order.
(A) Relief from Judgment. A Motion to Amend or for relief from judgment, including a request for a new trial shall be made within ten (10) calendar days of the filing of judgment. The Motion must be based on an error or irregularity which prevented a party from receiving a fair trial or a *213 substantial legal error which affected the outcome of the action.
(B) Motion for Reconsideration. Upon motion of the Court or by motion of a party made not later than ten (10) calendar days after entry of judgment, the Court may amend its findings or conclusions or make additional findings or conclusions, amending the judgment accordingly. The motion may be made with a motion for a new trial. If the Court amends the judgment, the time for initiating an appeal commences upon entry of the amended judgment. If the Court denies a motion filed under this rule, the time for initiating an appeal from the judgment commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) days after the filing of such motion, and the Court does not decide a motion under this Rule or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(C) Motion to Modify. After the time period in which to file a Motion to Amend for a Motion for Reconsideration has elapsed, a party may file a Motion to Modify with the Court. The Motion must be based upon new information that has come to the party’s attention that, if true, could have the effect of altering or modifying the judgment. Upon such motion, the Court may modify the judgment accordingly. If the Court modifies the judgment, the time for initiating an appeal commences upon entry of the modified judgment. If the Court denies a motion filed under this rule, the time for initiating an appeal from the judgment commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) calendar days after the filing of such motion, and the Court does not decide the motion or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(D) Erratum Order or Reissuance of Judgment. Clerical errors in a Court record, including the Judgment or Order, may be corrected by the Court at any time.
(E) Grounds for Relief. The Court may grant relief from judgments or orders on motion of a party made within a reasonable time for the following reasons: (1) newly discovered evidence which could not reasonably have been discovered in time to request a new trial; or (2) fraud, misrepresentation or serious misconduct of another party to the action; or (3) good cause if the requesting party was not personally served in accordance with Rule 5(c)(l)(a)(i) or (ii); did not have proper service and did not appear in the action; or (4) the judgment has been satisfied, released, discharged or is without effect due to a judgment earlier in time.
Rule 60. Emergency Order, Temporary Restraining Order and Ex parte Temporary Restraining Order.
(A) Emergency Order. The Court may enter an Emergency Order without a hearing if it appears from the Complaint, affidavits and sworn testimony that irreparable harm will result without the Order. The Order will expire in thirty (30) calendar days unless extended by the Court for good eause. A hearing on the matters contained in the Order will be held prior to its expiration. The removal of a child from its residence by the Department of Social Sendees or equivalent agency and the imminent destruction of records or *214 property essential to the ease are examples of matters which may require an Emergency Order.
(B> Temporary Restraining Order. When it appears from a party’s pleading that a party is entitled to judgment and any part thereof consists in restraining some act, the commission on continuance of which during the litigation would injure the party, or when during the litigation it shall appear that a party is doing or threatens or is about to do, or is procuring or suffering some act to be done in violation of the rights of another party and tending to render the judgment ineffectual, a temporary injunction may be granted to restrain such act.
(C) Procedure. The application for an injunction or restraining order made to the Court shall not be heard except upon notice to such other persons as may be defendants in the action unless the Court is of the opinion that irreparable loss or damage will result to the applicant unless a temporary restraining order is -granted.
(D) Time. The Court may grant such temporary restraining order at any time before a hearing and determination of the application for an interlocutory injunction. However, such temporary restraining order shall be effective only for thirty (30) calendar days unless extended after notice and hearing thereon, or upon written consent of the parties or their attorneys.
Rule 61. Appeals.
Any final Judgment or Order of the Trial Court may be appealed to the Ho-Chunk Nation Supreme Court. The Appeal must comply with the Ho-Chunk Nation Rules of Appellate Procedure, specifically Rules of Appellate Procedure, Rule 7, Right of Appeal. All subsequent actions of a final Judgment or Trial Court Order must follow the HCN Rules of Appellate Procedure.
Rule 69. Who Is Bound by Judgment.
All parties and interested persons who are within the jurisdiction of the Court and who had notice of the case pending before the Court are bound by the judgment whether or not they appeared.
DECISION
The Court will address the Motion for Dismissal as filed on January 21, 2005 by the defendant Legislature and Election Board. The Court will first note that the Motion was filed on the 21st of January 2005, but that plaintiffs counsel states he has not received a copy thereof. The parties agreed that the Motion as filed will be provided to the plaintiff on today’s date and that plaintiff will have the opportunity to respond in writing prior to the Court issuing a decision in this matter. The Court has reviewed the written response as submitted by the plaintiff on February 16th, 2005. The defendants contend that the Court lacks jurisdiction in this matter, and that this matter should, therefore, be dismissed. The Constitution of the Ho Chunk Nation Art. XII, Sec. 2, provides that this Court has jurisdiction in cases in which, “officials and employees of the Ho-Chunk Nation ... act beyond the scope of their duties or authority.” Art. IX, Sec. 1 provides that, “no vote by the General Council to remove a member of the Legislature shall take place before such Legislator has been given reasonable notice of the impending action and has had a reasonable opportunity to be heard.” The Court determined in its November 18, 2004 Order (Granting Preliminary Injunction ) that there was a reasonable likelihood that the notice and opportunity for the plaintiff to be heard were both constitutionally deficient. It may have been necessary to name both the Legislature and the Election Board in the original complaint to *215 obtain the relief provided by an injunction. But both named defendants should be dismissed from this action at this time.
The issue of redressability has been raised by counsel and it does have merit. Once the injunction was granted, what involvement and/or future remedy are available from either named defendant? In the response to the defendant’s Motion to Dismiss, the plaintiffs counsel does not provide any basis, answer or reason to not dismiss these defendant’s from this action regarding the issue of redressability. As stated in HCN Legislature v. HCN General Council, CV 01-11, 2001 WL 36153849, 3 Am. Tribal Law 393 (Tr. Ct., June 22, 2001), the Court held that the defendants retained “no duty that the Court could affect by a ruling, and therefore the Court had no ability to order any relief to the plaintiff through those parties.” In the case at hand, the named defendants do not have an ongoing duty that this Court can affect by a ruling. The injunction was granted and has provided the remedy regarding these defendants. There are no further remedies that or which can be provided through these defendants. The Court finds that it does not have jurisdiction in this matter under the Constitution of the Ho-Chunk Nation and therefore, the Legislature and Election Board defendants’ Motion to Dismiss is granted.
RIGHTS OF THE PARTIES
The parties retain the right to file a timely post judgment motion with this Court in accordance with HCN R. Civ, P. 58, Amendment to or Relief from Judgment or Order. Otherwise, “[a]ny final Judgment or Order of the Trial Court may be appealed to the Ho-Chunk Nation Supreme Court. The Appeal must comply with the Ho-Chunk Nation Rules of Appellate Procedure [hereinafter HCN R.App. P.], specifically [HCN R.App. P.J, Rule 7, Right of Appeal.” HCN R. Civ. P. 61. The appellant “shall within sixty (60) calendar days after the day such judgment or order was rendered, file with the [Supreme Court] Clerk of Court, a Notice of Appeal from sueh judgment or order, together with a filing fee of thirty-five dollars ($35 U.S.).” HCN R.App. P. 7(b)(1). “All subsequent actions of a final Judgment or Trial Court Order must follow the [HCN R.App. P.].” HCN R. Civ. P. 61.

. The number designation, "25" is the chronological number assigned to the resolution as it appears in the October 27, 2004 edition ofth eHocakWorak.